CIVIL COMPLAINT FORM TO BE USED BY A *PRO SE* PRISONER

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

__David Joseph Acevedo MH5569__
Full Name of Plaintiff    Inmate Number

v.

Civil No. _____
(to be filled in by the Clerk's Office)

__Scott A. Woolf__
Name of Defendant 1

( X ) Demand for Jury Trial
(___) No Jury Trial Demand

__Chad Strickland__
Name of Defendant 2

__P.A. Board of Probation and parole__
Name of Defendant 3

FILED
SCRANTON

JUL 10 2020

PER _____
DEPUTY CLERK

_____
Name of Defendant 4

_____
Name of Defendant 5
(Print the names of all defendants. If the names of all defendants do not fit in this space, you may attach additional pages. Do not include addresses in this section).

I.  NATURE OF COMPLAINT

Indicate below the federal legal basis for your claim, if known.

__X__  Civil Rights Action under 42 U.S.C. § 1983 (state, county, or municipal defendants)

___  Civil Rights Action under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971) (federal defendants)

___  Negligence Action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, against the United States

Page 1 of 6

II. ADDRESSES AND INFORMATION

A. PLAINTIFF

Acevedo David Joseph
Name (Last, First, MI)

MH5569
Inmate Number

SCI Dallas
Place of Confinement

Smart Communications/PA DOC SCI Dallas
Address

P.O. Box 33028 St. Petersburg FL 33733
City, County, State, Zip Code

Indicate whether you are a prisoner or other confined person as follows:

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
_X_ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner

B. DEFENDANT(S)

Provide the information below for each defendant. Attach additional pages if needed.

Make sure that the defendant(s) listed below are identical to those contained in the caption. If incorrect information is provided, it could result in the delay or prevention of service of the complaint.

Defendant 1:

Strickland Chad
Name (Last, First)

Institutional Parole officer
Current Job Title

Commonwealth of Pennsylvania Board of Probation and Parole
Current Work Address

1101 S. Front st Harrisburg, PA 17104
City, County, State, Zip Code

Ref: 1827705 pg 6 of 36 for DAVID ACEVEDO

Defendant 2:

Name (Last, First): Woolf Scott

Current Job Title: Acting board Secretary

Current Work Address: Commonwealth of Pennsylvania board of Probation and Parole. 1101 S. Front St Harrisburg, PA 17104

City, County, State, Zip Code

Defendant 3:

Name (Last, First): Commonwealth of Pennsylvania board of Probation and Parole

Current Job Title: Commonwealth of Pennsylvania board of Probation

Current Work Address: and Parole 1101 S. Front St Harrisburg, PA 17104

City, County, State, Zip Code

Defendant 4:

Name (Last, First)

Current Job Title

Current Work Address

City, County, State, Zip Code

Defendant 5:

Name (Last, First)

Current Job Title

Current Work Address

City, County, State, Zip Code

Ref: 1827705 pg 7 of 36 for DAVID ACEVEDO

### III.   STATEMENT OF FACTS

State only the facts of your claim below. Include all the facts you consider important. Attach additional pages if needed.

A.   Describe where and when the events giving rise to your claim(s) arose.

On Nov 1st, 2019 From a Parole board Action.

B.   On what date did the events giving rise to your claim(s) occur?

On Nov 7th, 2019.

C.   What are the facts underlying your claim(s)? (For example: What happened to you? Who did what?)

On Dec 11th, 2018 I was Sentenced to 10 to 23 months incarceration and awarded 510 days towards the conviction. On January 15th, 2019 I was paroled to my state parole detainer. On March 21st, 2019 I recieved a board Action to Serve 9 months or to Serve 11 months 28 days backtime. Before recieving the board Action I signed a waiver. My new Max date was recomputed to Jan 12th, 2020. On Nov 7th, 2019 Parole rescinded the March board Action Due to withdraw of Plea and took back credit for my street time which was previously granted to me. It was than explained to me on an Administrative Appeal that I signed my waiver after I recieved the March 21st board Action Although it was before the date on there response to the Administrative Appeal. The date was put on that form by Chad Strickland and both decisions are conflicting and "bias" and Retaliation tactic to use a withdrawl of plea against a person.

IV. **LEGAL CLAIM(S)**

You are not required to make legal argument or cite any cases or statutes. However, state what constitutional rights, statutes, or laws you believe were violated by the above actions. If you intend to assert multiple claims, number and set forth each claim in separate paragraphs. Attach additional pages if needed.

① I believe ~~[struck through]~~ violated to be treated fairly because both decisions were "conflicting" making it "bias". To use the withdrawl of my guilty plea against me is a "Retaliation" tactic. Nelson Mandella rules. "False imprisonment" Deliberate indifference, official oppression. Falsifying documents.
② Due process
③ Double jeopardy

V. **INJURY**

Describe with specificity what injury, harm, or damages you suffered because of the events described above.

emotional distress

VI. **RELIEF**

State exactly what you want the court to do for you. For example, you may be seeking money damages, you may want the court to order a defendant to do something or stop doing something, or you may be seeking both types of relief. If you are seeking monetary relief, state your request generally. Do not request a specific amount of money.

I want to be compensated $450.00 a day for every day I spent After my max date of January 12th, 2020

## VII.  SIGNATURE

By signing this complaint, you represent to the court that the facts alleged are true to the best of your knowledge and are supported by evidence, that those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.

Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing.  By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.

_David Acevedo_
Signature of Plaintiff

_6/13/20_
Date

Ref: 1827705 pg 10 of 36 for DAVID ACEVEDO

JUNE 15, 2020

David Acevedo I/M #MH5569

S.C.I Dallas

1000 Follies Road

Dallas, PA 18612


RE:   Civil Rights action under 42 U.S.C ss 1983

JUNE 15, 2020

David Acevedo I/M # MH5569

S.C.I Dallas

1000 Folies Road

Dallas, PA 18612

```
FILED
SCRANTON
JUL 10 2020
PER _____
   DEPUTY CLERK
```

    RE:  Evidence/ Exhibits



# COMMONWEALTH OF PENNSYLVANIA

45TH JUDICIAL DISTRICT

MICHAEL J. BARRASSE
JUDGE

TO: David Acevedo, Inmate # MH5569

FROM: Jillian Kochis, Esq., Law Clerk for the Honorable Michael J. Barrasse

DATE: Friday, June 28, 2019

RE: **Commonwealth v. David Acevedo**
**2014 CR 1497, 1509; 17 CR 2110, 2111, 2115**

Dear Mr. Acevedo,

Our Chambers is in receipt of your letters dated May 20, 2019 and June 2, 2019. Please be advised that you were sentenced on December 11, 2018 as follows:

- 17 CR 2110, Count 2-Theft by Unlawful Taking: five (5) - eleven (11) months incarceration followed by one (1) year of special probation, consecutive to 17 CR 2115
- 17 CR 2111, Count 1-Flight to Avoid Apprehension: two (2) years of special probation, consecutive to 17 CR 2110
- 17 CR 2115, Count 4-Harassment: five (5) – twelve (12) months incarceration.

I have attached the respective Sentencing Orders and 300(B) forms that were transmitted to the Pennsylvania Department of Corrections regarding your sentence. Please note, this Court is without jurisdiction to award time credit towards a parole violation pursuant to 61 Pa. C.S.A. § 6138(a)(5)(iii). You received five-hundred and ten

(510) days of time credit for August 27, 2017 through January 15, 2019.[1] On January 15, 2019 you were paroled on 17 CR 2110 and 17 CR 2115 and began to serve your nine (9) month parole hit on 14 CR 1497, Count 1 & 14 CR 1509, Count 2 and Count 3. As such, your new minimum for re-parole is October 15, 2019. You owe a total back time of eleven (11) months and twenty-eight (28) days, therefore, your new parole violation maximum is correctly computed as January 12, 2020.

Sincerely,

Jillian Kochis, Esq.

---

[1] 510 days = 16 months and 23 days. Please note, receipt of this credit entitled you to achieve parole under 17 CR 2110 and 17 CR 2115.



# COMMONWEALTH OF PENNSYLVANIA
# BOARD OF PROBATION AND PAROLE

1101 S. Front Street
Harrisburg, Pa. 17104 - 2519
NOTICE OF BOARD DECISION

NAME: DAVID ACEVEDO
INSTITUTION: SCI - DALLAS

PAROLE NO : 949GR
INSTITUTION NO: MH5569

AS RECORDED ON MARCH 21, 2019 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:
REFER TO BOARD ACTION OF 06/05/2018 TO RECOMMIT TO A STATE CORRECTIONAL INSTITUTION AS A TECHNICAL PAROLE VIOLATOR TO SERVE 6 MONTHS AND AS A CONVICTED PAROLE VIOLATOR TO SERVE 9 MONTHS CONCURRENTLY, FOR A TOTAL OF 9 MONTHS BACKTIME.

WHILE CONFINED YOU MUST ABIDE BY THE RULES AND REGULATIONS OF THE INSTITUTION AND COMPLY WITH THE INSTITUTION'S PRESCRIPTIVE PROGRAM REQUIREMENTS AS WELL AS:

BE EVALUATED FOR DRUG AND ALCOHOL, VIOLENCE PREVENTION, AND THINKING FOR A CHANGE TREATMENT AND PARTICIPATE IN ANY TREATMENT DETERMINED APPROPRIATE.

NOT ELIGIBLE FOR REPAROLE UNTIL 10/15/2019.

THE BOARD IN ITS' DISCRETION AWARDS CREDIT TO YOU FOR THE TIME SPENT AT LIBERTY ON PAROLE.

(CONTINUE ON PAGE 2)
PAROLE VIOLATION MAX DATE: 01/12/2020

FILE COPY
CLIENT COPY
INSTITUTION

NOTICE OF BOARD DECISION
PBPP 15(08/02) 1 of 2

PBPP-39
Revised(04-2012)

# ORDER TO RECOMMIT

## COMMONWEALTH OF PENNSYLVANIA BOARD OF PROBATION AND PAROLE

**Name:** David Acevedo  **Inst. No:** MH5569  **Parole No:** 949GR

**District:** 04 - Scranton D.O.  **SID:** ▓▓▓▓▓  **Date Paroled:** 12/09/2016

**Inst Parole From:** SCIF - SCI - Frackville

**Recommit To:** SCID - SCI - Dallas  **Status:** [X] TPV  [X] CPV

The above-named individual who was conditionally released on parole by the Pennsylvania Board of Probation and Parole has been found by the Board to have violated the conditions of parole. Therefore, the Board, by virtue of the authority conferred on it by law, orders said individual recommitted for further imprisonment for the remainder of the unexpired maximum term, or until otherwise released or discharged according to law.

### County, Bill & Term and OTN

| County Name | OTN | Indictment Number | Minimum Date |
|---|---|---|---|
| LACKAW | T4683103 | CP 140001497CT1 | 12/05/2016 |
| LACKAW | T4861706 | CP 140001509CT1 | 12/05/2016 |
| LACKAW | T4861706 | CP 140001509CT2 | 12/05/2016 |

### Parole Violation Date Calculation

|  |  |  |
|---|---|---|
| **Original Maximum Date:** | 08/05/2018 | |
| − **Parole /Reparole/Delinquency/Board Warrant Date:** | 08/08/2017 | |
| + **Prior Parole Liberty Forfeited:** | 0D | = 00Y 00M 00D |
| − **Confinement Time:** | 0D | = 00Y 00M 00D |
| − **Backtime Credit:** | 0D | = 00Y 00M 00D |
| **Backtime Dates:** | | |
| = **Backtime Owed:** | 362D | = 00Y 11M 28D |
| + **Custody for Return:** | 01/15/2019 | |
| = **Recomputed Maximum Date:** | 01/12/2020 | |
| + **Escape Time:** | 0D | |
| = **New Maximum Date:** | 01/12/2020 | |
| **Time Lost Due to:** | | |
| **Delinquency:** | 0D | = 00Y 00M 00D |
| **Service of Another Sentence:** | 0D | = 00Y 00M 00D |

Last Modified Date and Time: 3/21/2019 8:35:54 AM



**pennsylvania**
BOARD OF PROBATION AND PAROLE

SMART COMMUNICATIONS / PADOC
DAVID ACEVEDO / MH5569
SCI DALLAS
PO BOX 33028
ST PETERSBURG  FL 33733

RE: Parole No. 949GR

Mr. Acevedo,

This is a response to the administrative remedies form we received date stamped July 11, 2018. Because you are questioning your calculations, your request is a petition for administrative review from the board action recorded June 5, 2018 (mailed June 20, 2018).

The decision in question recommits you as a convicted parole violator to serve 9 months when available. The "when available" language indicates that you were not available to re-start service of your original sentence at the time of the board's decision. In this case, you were unavailable because the board was waiting for resolution of your outstanding criminal charges and for you to be returned to a State Correctional Institution, in order for the board to compute your maximum date. Additionally, until you become available to serve your original sentence, a recalculation decision, including any potential credit, cannot be finalized. Thus, the Board properly recommitted you when available pending resolution of your outstanding criminal charges and pending your return to a State Correctional Institution

Accordingly, the board action mailed June 20, 2018 is AFFIRMED.

For the Board,

*John J. Talaber, Esq.*

**MAR 2 1 2019**

John J. Talaber, Esq.
Board Secretary

crs
DATE MAILED:
*Failure to appeal a decision may affect your legal rights. See 37 Pa. Code sec. 73. If you wish to appeal this decision, you must file an appellate petition for review with the Commonwealth Court within thirty (30) days of the mailing date of the Board's response. The request shall set forth specifically the factual and legal bases for the allegations. You have the right to an attorney in this appeal. You may be entitled to counsel from the Public Defender's Office at no cost. Enclosed with the Board's response is a form with the names and addresses of all the Chief Public Defenders in the Commonwealth. Any request for a public defender should be sent directly to the Public Defender's Office in the county where you currently reside.*

---

Pennsylvania Board of Probation and Parole | Office of Board Secretary
1101 South Front Street – Suite 5300 | Harrisburg, PA 17104-2519
Phone: 717.787.5684 | Fax: 717.772.4375 | www.pbpp.pa.gov

Goldenrod Packet for Parole #: 949GR - Document Date:

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY
## DOCKET

Docket Number: CP-35-CR-0002115-2017
### CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
David Joseph Acevedo

Page 5 of 8

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 07/18/2018 | | Barrasse, Michael J. |
| Rule to Show Cause | | | |
| 1 | 07/24/2018 | | McNicholas, Kevin |
| Motion to Withdraw as Counsel/Motion for Extension of Time to Withdraw a Guilty Plea | | | |
| 1 | 07/25/2018 | | Barrasse, Michael J. |
| Rule to Show Cause | | | |
| 1 | 07/31/2018 | | Barrasse, Michael J. |
| Order Granting Motion to Withdraw Counsel | | | |
| 1 | 09/11/2018 | | Barrasse, Michael J. |
| ORDER FILED | | | |
| 1 | 09/12/2018 | | Unknown Filer |
| Motion to Withdraw Plea of Guilty | | | |
| 1 | 10/10/2018 | | Commonwealth of Pennsylvania |
| Commonwealth's Answer to Defendant's Motion to Withdraw Guilty Plea Prior to Sentencing | | | |
| 1 | 10/11/2018 | | Elizabeth V. Kedrick - Lackawanna Cty Court Reporter |
| Transcript of Proceedings of Guilty Plea before Judge Barrasse on April 11, 2018 Filed | | | |
| 2 | 11/09/2018 | | Barrasse, Michael J. |
| Order Granting Motion to Withdraw Guilty Plea | | | |
| 1 | 12/07/2018 | | Commonwealth of Pennsylvania |
| Notice of Intent to Proceed Under the Tenders Years ACT | | | |
| 1 | 12/10/2018 | | Barrasse, Michael J. |
| Guilty Plea | | | |
| 1 | 12/11/2018 | | Barrasse, Michael J. |
| Order - Sentence/Penalty Imposed | | | |
| 1 | 12/14/2018 | | Lackawanna County Probation Department |
| Guideline Sentence Form | | | |

CPCMS 9082

Printed: 11/01/2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

215

Goldenrod Packet for Parole #: 949GR - Document Date:

# COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

## DOCKET



Docket Number: CP-35-CR-0002115-2017
### CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
David Joseph Acevedo

Page 6 of 8

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 12/14/2018 | | Court of Common Pleas - Lackawanna County |
| Penalty Assessed | | | |
| 3 | 12/14/2018 | | Kelly, Mauri Bridgett |
| Court Commitment State or County Correctional Institution | | | |
| 4 | 12/14/2018 | | Kelly, Mauri Bridgett |
| Entry of Civil Judgment | | | |
| 1 | 01/16/2019 | | Barrasse, Michael J. |
| Release of Prisoner | | | |
| 1 | 04/04/2019 | | Acevedo, David Joseph |
| Pro Se Motion for Modification of Sentence | | | |
| 1 | 04/16/2019 | | Linda Krehel - Lackawanna Cty Court Reporter |
| Transcript of Proceedings of Sentencing before Judge Barrasse on December 11, 2018 Filed | | | |

CPCMS 9082                                                                                                       Printed: 11/01/2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

Name: David Acevedo  Inmate #: MH5569  Certified Version No:3  Dated 11/27/2017 10:16:20 AM

### 4. NON-INCARCERATED OFFENSES

| Sent Date | County/State/Federal | Indictments |
|---|---|---|
| 12/01/2014 | Lackawanna | CP0001497 CT1/2014 |
| Description | CT1-THEFT BY DECEP-FALSE IMP-1 YEAR PROBATION | |
| 12/01/2014 | Lackawanna | CP0001509 CT1/2014 |
| Description | CT1-RETAIL THEFT-TAKD MDSE-4 YEARS PROBATION | |
| Comments | | |

### 5. DETAINERS

**Active Detainers**

| Detainer# | Date | Agency | Agency Identification | OTN | Type |
|---|---|---|---|---|---|
| | | | | | |
| Charges | None | | | | |

**Deleted Detainers (For those deleted since last DC16)**

| Detainer# | Date Deleted | Agency | Agency Identification | OTN | Type |
|---|---|---|---|---|---|
| None | | | | | |
| Remarks | None | | | | |

### 6. PRIOR DOC NUMBERS

| None | MC9791 | KN7145 | | | | | |
|---|---|---|---|---|---|---|---|

### 7. ACTIONS: BOARD OF PARDONS

| Decision Date | File Number | Action | Comments |
|---|---|---|---|
| None | | | |

Last Modified By: Cole, Anne L
Signed Off By: Horst, Cynthia D
Certified By: Horst, Cynthia D                                Institution: Central Office

Institutional Parole Staff
Delivered to Inmate by:

*[signature]*

10, 07, 19



# COMMONWEALTH OF PENNSYLVANIA
# BOARD OF PROBATION AND PAROLE

1101 S. Front Street
Harrisburg, Pa. 17104 - 2519

NOTICE OF BOARD DECISION

NAME: DAVID ACEVEDO                                PAROLE NO : 949GR
INSTITUTION: SCI - DALLAS                          INSTITUTION NO: MH5569

AS RECORDED ON NOVEMBER 01, 2019 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:
RESCIND BOARD ACTIONS OF 06/05/2018 & 03/25/2019, DUE TO THE WITHDRAW OF GUILTY PLEA.

MODIFY BOARD ACTION OF 10/13/2017, BY DELETING THE REPAROLE PORTION.

REFER TO BOARD ACTION 10/13/2017, TO RECOMMIT AS A TECHNICAL PAROLE VIOLATOR TO SERVE 6 MONTHS, AND NOW:

RECOMMIT TO A STATE CORRECTIONAL INSTITUTION AS A CONVICTED PAROLE VIOLATOR TO SERVE 12 MONTHS, CONCURRENTLY, FOR A TOTAL OF 12 MONTHS BACKTIME.

--12 MONTHS FOR THE OFFENSES OF THEFT BY UNLAWFUL TAKING - MOVABLE PROPERTY, FLIGHT TO AVOID APPREHENSION/TRIAL/PUNISHMENT & HARASSMENT - SUBJECT OTHER TO PHYSICAL CONTACT.

EVIDENCE RELIED ON: CERTIFIED COPY OF COURT RECORD PROVING CONVICTION. ACKNOWLEDGEMENT OF CONVICTION. DOCUMENTED PBPP FORMS. STATE EXHIBITS. ALL EXHIBITS IN STATES EVIDENCE.

REASONS: CONVICTION IN A COURT OF RECORD ESTABLISHED. DECLARED DELINQUENT BY THE BOARD.

WHILE CONFINED YOU MUST ABIDE BY THE RULES AND REGULATIONS OF THE INSTITUTION AND COMPLY WITH THE INSTITUTION'S PRESCRIPTIVE PROGRAM REQUIREMENTS AS WELL AS:

(CONTINUE ON PAGE 2)

PAROLE VIOLATION MAX DATE: 09/10/2020

FILE COPY
CLIENT COPY                                        NOTICE OF BOARD DECISION
INSTITUTION                                        PBPP 15(08/02) 1 of 2

Ref: 1442705 pg 3 of 3 for DAVID ACEVEDO

David Acevedo
Parole No. 949-GR
Page 2 of 2

The Board's regulations provide that the scope of review of an administrative appeal is limited to whether the decision is supported by substantial evidence, an error of law has been committed or there has been a violation of constitutional law. 37 Pa. Code § 73.1(a)(2). The record in this matter establishes that the board decision delivered to you on November 7, 2019 (recorded 11/1/2019) is supported by substantial evidence, does not constitute an error of law, and does not violate your constitutional rights.

Accordingly, the appeal panel AFFIRMS the board decision delivered November 7, 2019 (recorded 11/1/2019).

For the Board,

Scott A. Woolf
Acting Board Secretary
Administrative Review Designee

/els

DATE MAILED:   FEB 12 2020

*Failure to appeal a decision may affect your legal rights. See 37 Pa. Code sec. 73. If you wish to appeal this decision, you must file an appellate petition for review with the Commonwealth Court within thirty (30) days of the mailing date of the Board's response. The request shall set forth specifically the factual and legal bases for the allegations. You have the right to an attorney in this appeal. You may be entitled to counsel from the Public Defender's Office at no cost. Enclosed with the Board's response is a form with the names and addresses of all the Chief Public Defenders in the Commonwealth. Any request for a public defender should be sent directly to the Public Defender's Office in the county where you currently reside.*

---



COMMONWEALTH OF PENNSYLVANIA

SMART COMMUNICATIONS/PA DOC
SCI – DALLAS
DAVID ACEVEDO, MH-5569
P.O. BOX 33028
ST. PETERSBURG, FL 33733

RE:   Parole No. 949-GR

Mr. Acevedo,

This is a response to the administrative remedies form received from you on November 12, 2019. No action will be taken on the correspondence received July 6, 2020 as it is deemed second or subsequent request for relief. 37 Pa. Code § 73.1. Because you object to the Board's decision to exercise its discretion in denying you credit for time at liberty on parole and because you allege the Board provided an insufficient reason for denying you credit for the time you spent at liberty on parole, your request is an administrative appeal from the board decision delivered November 7, 2019 (recorded 11/1/2019).

The decision on whether to grant or deny a convicted parole violator credit for time at liberty on parole is purely a matter of discretion. The Prisons and Parole Code authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. 61 Pa. C.S. § 6138(a)(2.1). Pursuant to the Supreme Court's ruling in *Pittman v. Pa. Bd. Of Prob. & Parole*, the Board must articulate the basis for its decision to grant or deny a convicted parole violator credit for time spent at liberty on parole. In this case the Board articulated that you were denied credit because of your new conviction was the same or similar to the original offense, and because you absconded while under supervision. The record accurately reflects that while you were on parole for Retail Theft, you absconded and you suffered a new conviction for Theft by Unlawful Taking. Therefore, the reason provided for not awarding you credit for the time you were at liberty on parole is sufficient.[1] *See also Cooper v. Pa Bd. of Prob. & Parole*, 778 CD 2015.

(CONTINUED ON PAGE 2)

---

[1] The decision recorded June 5, 2018 to recommit as a convicted parole violator, subsequently finalized on March 21, 2019 in error, was based on a Revocation Waiver, PBPP72C, signed May 2, 2018. When the court accepted the withdrawal of guilty plea on November 9, 2018, the May 2, 2018 waiver was no longer valid. The guilty plea entered December 10, 2018 resulted in a new Revocation Waiver, PBPP72C, signed on March 26, 2019, and the Board made its final decision to recommit as a convicted parole violator on November 1, 2019 based solely and correctly on that waiver.

Pennsylvania Board of Probation and Parole | Office of Board Secretary
1101 South Front Street – Suite 5300 | Harrisburg, PA 17104-2519
Phone: 717.787.5684 | www.pbpp.state.pa.us

David Acevedo I/M#MH5569
Smart Communications/PA DOC
SCI-Dallas
P.O. Box 33028
St. Petersburg, FL 33733

RECEIVED
SCRANTON

JUL 10 2020

PER _____
DEPUTY CLERK